[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO OPEN JUDGMENT AND FOR CLARIFICATION AND/OR ARTICULATION OF JUDGMENT
Plaintiff in the above entitled action has made a motion to open the judgment and for clarification and/or articulation thereof as follows:
1. that the court clarify its basis for ordering the plaintiff to make weekly payments in excess of his weekly income;
2. that the court articulate its finding that the plaintiff has much more opportunity to obtain assets;
3. that the court clarify and/or articulate its decision regarding the parties' liabilities;
4. that the court clarify and/or articulate its decision regarding the tax refund;
5. that the court clarify and/or articulate its basis for ordering the plaintiff to vacate the family home and to set forth the plaintiff's available resources to acquire alternative shelter.
The memorandum of decision of October 19, 1993 is opened, clarified and articulated as follows.
The plaintiff's weekly income was not definitively established. However, both counsel had provided the court with calculations based on the guidelines. One of the plaintiff's calculations and the defendant's calculations agreed, and the court relied on those calculations in reaching the determination of child support
Insofar as alimony is concerned, that is divided into two payments, one of $125 a week, which is to continue indefinitely, and another payment which represents 40 percent of the expenses for maintaining the house. That 40 percent is actually the plaintiff's obligation in any event since he has a 45 per cent interest in the house on the basis of this decision which CT Page 2478 he will receive when the house is sold. The court also ordered the house to be sold at which time the additional payment for its maintenance will cease.
As far as these orders exceeding the plaintiff's weekly income, there is no evidence of that.
The ability of the plaintiff to obtain assets is on its face greater than that of the defendant for the following reasons: (1) the plaintiff has been in the labor market a long time; (2) he has skills as a printer; (3) he has been working at least one job and usually two jobs over the course of the years; (4) and has already demonstrated his ability to acquire assets; to wit, the two houses which belong to the parties as of this date.
The defendant, on the other hand, has not worked since the birth of the first child and has not had sufficient education to be in a position to take any kind of job paying a more than minimal income. She does have skills which she has downgraded but which will eventually enable her to earn more than she is at the present time. In any event it seems clear to the court that the plaintiff is obviously in a better position to obtain assets than the defendant.
The plaintiff was the only one listing any debts, and he should be responsible for the payment of those debts.
The joint tax refund should be applied to the education expenses of the children and the court so orders and the memorandum of decision of October 19, 1993 is amended to reflect this.
The plaintiff has the rent from the Shagbark Lane property as one of his resources for acquiring other shelter or he may move into that property after causing the tenants to move out.
The memorandum of decision is opened, clarified and articulated to the extent indicated above but in no other respects.
It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE CT Page 2479